## IN THE OREGON TAX COURT

## CAPSEY

*v.*

## DEPARTMENT OF REVENUE

(TC 1492)

Robert R. Dickey, Dickey & Dickey, Medford, represented plaintiff.

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered May 20, 1982.

### CARLISLE B. ROBERTS, Judge.

This is an appeal from the Department of Revenue's Order No. VL 81-181, dated March 13, 1981, affirming the denial by the County Assessor of Jackson County of a special assessment for unzoned "farm use," under the provisions of ORS 308.370 to 308.395, for the tax year 1980-1981.

The property under appeal is identified in the Jackson County Assessor's rolls as Account Nos. 1-3938-0

371W34-104 and 1-49721-0 371W27-1401. It is part of a total ownership consisting of a one-acre homesite and 2.7 acres of bare land. The latter includes pasture, an outdoor riding arena and garden area. The value of the homesite is not at issue.

The subject property was purchased by plaintiff in September of 1975. Since 1976, plaintiff has maintained a large vegetable garden for his family's personal use and for friends. The rest of the acreage is divided into a riding arena and five pastures, which are used by plaintiff to graze his own horse and two horses belonging to his daughter. From 1976 to 1980, plaintiff also rented pasture at a price of $40 per month for the grazing of horses owned by his daughter's girl friends, many of whom used their horses in connection with their involvement in a 4-H Club project. There were never more than five or six horses kept on the property at one time. Each of the renters was responsible for the feeding and care of her own horse. In maintaining the pastureland, plaintiff plowed, seeded, fertilized, irrigated and replaced some fence posts each year. Total gross income from pasture rental exceeded $500 per year in 1976, 1977, 1978, 1979 and 1980. Plaintiff asserts that this "pasture rental business" constituted a "farm use" sufficient to qualify the land for special assessment.[1]

The subject property is not zoned for exclusive farm use. ORS 308.370 provides for special assessment of any land which is not within a farm use zone, but which is being used exclusively for farm use, as defined in ORS 215.203(2).

ORS 215.203 defines "farm use" as:

"* * * *the current employment of land for the primary purpose of obtaining a profit in money* by raising, harvesting and selling crops or by the feeding, breeding, management and sale of, or the produce of, livestock, poultry, fur-bear animals or honeybees or for dairying and the sale of dairy products or any other agricultural or horticultural use or animal husbandry or any combination thereof. * * *" (Emphasis supplied.)

Plaintiff does not make a serious claim that his

---

[1] One of the disputed factual issues in this case was whether plaintiff's activity on the property constituted the "boarding of horses" which, under ORS 215.213, is considered a "nonfarm use." Plaintiff testified that he did not regularly supply food or care for horses belonging to his renters. For this reason, the court concludes, as plaintiff has asserted, that plaintiff was only in the "pasture rental business," and not boarding horses.

personal use of the subject property as a garden and as pasture for horses belonging to himself and his daughter constituted a farm use. The question that must be answered is whether plaintiff's rental of pastureland to outside individuals for the grazing of their pleasure horses was a "current employment of the land" sufficient to qualify the subject property for special assessment under the terms of ORS 215.203.

This court has been faced with the identical issue and facts in *Linfoot v. Dept. of Revenue,* 4 OTR 489 (1971). In that case, the taxpayer leased 6.56 acres of grassland to his neighbor for use as a pasture for personal riding horses. The Department of Revenue took the position that the use by the tenant, rather than that of the fee owner, is the activity which must be examined under ORS 215.203 in determining whether or not the land is being currently employed for the purpose of obtaining a profit in money. The court agreed, stating:

> "* * * There must be a current employment of land for the purpose of obtaining a profit in money through certain specified acts. The act of leasing the property is not one of them. The activity of the lessee must be regarded as the use and the question must be asked, what is he using the property for? The testimony in the present case makes it clear that the lessee is not using the property for the purpose of obtaining a profit in money by the feeding, breeding, management and sale of, or the produce of, livestock. As stated in *Ritch v. Dept. of Rev.,* 4 OTR 206, 210-211 (1970):
>
> " 'In order for an owner to qualify for assessment for farm use it is reasonable to conclude that the owner must ultimately receive compensation, in some form, from farming or grazing operations.'
>
> "The farming operation of leased agricultural property carried on by the lessee must be for the purpose of obtaining a profit in money. * * *"

As this court held in *Beddoe v. Dept. of Rev.,* 8 OTR 186, 190-191 (1979):

> "The great boon of tax relief to the bona fide farmer through the special exemption for farm use is not to be extended to the professional man's fine residence in a filbert orchard, the city worker's five suburban acres and a cow, the retired person's 20 acres of marginal land on which a travel trailer constitutes the personal residence, unless the day-to-day activities on the subject land are principally and patently

directed to achieving a profit in money through the farm use of the land."

As in *Linfoot,* it is clear in this case that the individuals renting pasture from plaintiff were doing so for personal reasons, and not for the primary purpose of obtaining a profit within the meaning of ORS 215.203. For this reason, the order of the Department of Revenue is affirmed.

No costs to either party.